IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,

V

GRETCHEN ESTHER WHITMER, in
her official capacity as Governor of the
State of Michigan and COL. JOSEPH GASPER,
in his official capacity as Director of the
Michigan State Police.

        Defendants.

Case No

Hon.

DUNN/GIBBONS/BOER
Christopher M. Gibbons
Karen M. Boer
Attorneys for Plaintiff
125 Ottawa NW Suite 230
Grand Rapids, MI 49503
616-336-0003

**COMPLAINT
AND JURY DEMAND**

## JURISDICTION AND VENUE

1. This is an action for injunctive relief pursuant to 42 U.S.C. § 1983 based upon the violation of Plaintiff's rights under Article I, § 10, cl. 1 of the United States

Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2. Venue is proper in the Western District in that the events and conduct complained of herein all occurred in the Western District.

## PARTIES

3. John Doe (hereinafter "Plaintiff") is a resident of the State of Michigan and is presently required to register as a sex offender under MCL 28.72.

4. Defendants Gretchen Esther Whitmer, the Governor of the State of Michigan, and Col. Joseph Gasper, the Director of the Michigan State Police, (hereinafter "The State of Michigan") are charged with the enforcement of MCL 28.72.

## FACTS

5. On February 23, 1994 Plaintiff pleaded guilty to one count of Criminal Sexual Conduct in the second degree. The Plaintiff was 17 years old at the time and he was sentenced to 60 months of probation. (See Exhibit A)

6. Michigan Public Acts 295 and 286, the Sex Offender Registration Act (hereinafter SORA) was passed in 1994 when the Plaintiff was on probation. (See Exhibit B)

7. Plaintiff was notified he would be required to register as a sex offender for 25 years. (See Exhibit C)

8. Since 1994 the Plaintiff has complied in all respects with the requirements of SORA and had never re-offended or committed a crime. The Plaintiff owns and operates a business and is married with four children.

9. In 2006 SORA was amended and included a new provision that the Plaintiff could not live, work, or loiter within 1000 feet of a school. See MCL 28.734-36.

10. In 2011 SORA was amended and included a new provision requiring the Plaintiff to register for the rest of his life, not 25 years. Plaintiff was also required to register any automobile that he owned or regularly operated, regardless of ownership. In addition, Plaintiff was required to personally report if he intended to temporarily reside at any place other than his residence for more than seven days.

11. In 2016 the United States Court of Appeals for the Sixth Circuit held that the retroactive application of the 2006 and 2011 amendments to SORA were a violation of Article I, § 10, cl. 1 of the United States Constitution in that the application of the amendments to those convicted prior to the amendments amounts to an Ex Post Facto punishment. See *Does v Snyder* 834 F.3rd 696. (2016)

12. On February 23, 2019 the Plaintiff, via counsel, requested that the Michigan State Police remove him from the registry as 25 years had elapsed since the date of his conviction. (See Exhibit D)

13. On February 28, 2019 the Michigan State Police responded that they were "working with the Michigan Attorney General's Office to review the court's

opinion" and did not remove Plaintiff from the registry nor was he relieved of the obligation to register. (Exhibit E)

14. Plaintiff has been punished and economically harmed by the application of the 2006 and 2011 SORA amendments, including but not limited to being radically restricted from attending school activities or events for his four children, being prohibited from taking work in a "school safety zone", being denied employment opportunities, and limiting his and his spouses ability to take work because Plaintiff is prohibited from assuming certain responsibilities that involve his children.

## VIOLATION OF 42 U.S.C. § 1983

15. Plaintiff realleges counts one through fourteen as if fully set forth herein.

16. 42 USCA 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 USCA 1983

17. The State of Michigan's continued enforcement of the 2006 and 2011 amendments of SORA against the Plaintiff are a direct violation of the Plaintiffs Constitutional Right to be free from Ex Post Facto punishment. Article I, § 10, cl. 1 of the United States Constitution

18. Defendant's Whitmer and Gasper are acting under color of State Law in the continued enforcement of the 2006 and 2011 SORA amendments against the Plaintiff in violation of his constitutional rights.

18. A reasonable public official would know that this continued enforcement is unlawful as the Sixth Circuit Court's opinion in *Does v Snyder* is a matter of public record and Certiorari to the United States Supreme Court was denied nearly two years ago on October 2, 2017. *Snyder v Does #1-5 et al.* 138 S. Ct. 55 (2017).

19. The enforcement of the act has caused and continues to cause the Plaintiff to suffer actual economic, social, and emotional harm and deprive him of his constitutional right to be free of Ex Post Facto punishment.

## DECLARATORY RELIEF

20. Plaintiff realleges counts one through nineteen as if fully set forth herein.

21. The Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202 permits this Honorable Court to declare the rights and other legal relations of any interested party seeking such declaration.

22. The State of Michigan has refused to remove the Plaintiff from the Sex Offender Registry despite the clear expiration of the 25-year term that he was required to register.

23. The State of Michigan has continued to enforce the 2006 and 2011 amendments of SORA against the Plaintiff despite the clear finding that the application of those amendments to the Plaintiff was unconstitutional.

24. Plaintiff seeks a Declaratory Judgment that releases the Plaintiff from any further requirement to appear or register and which requires the State of Michigan to remove him from the public registry.

## RELIEF REQUESTED

I. Plaintiff requests a Declaratory Judgment that the application of the 2006 and 2011 amendments to the Michigan Sex Offender Registry Act to his 1993 conviction is unconstitutional and releases the Plaintiff from any further requirements to register.

II. Plaintiff requests a declaratory Judgment requiring the State of Michigan to remove his name from the Sex Offender Registry.

II. Plaintiff requests an award of damages against the State of Michigan for the economic harm, personal humiliation, mental anguish and suffering for the application and continued enforcement of the 2006 and 2011 amendments to the Michigan Sex Offender Registry Act as well as actual attorney fees pursuant to 42 U.S.C. § 1988.

June 1, 2019                                    Respectfully Submitted,


                                        <u>Christopher M. Gibbons</u>
                                        DUNN/GIBBONS/BOER
                                        Christopher M. Gibbons
                                        Karen M. Boer
                                        125 Ottawa NW Suite 230
                                        Grand Rapids, MI 49503


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

June 1 , 2019                                   Respectfully Submitted,


                                        <u>Christopher M. Gibbons</u>
                                        DUNN/GIBBONS/BOER
                                        Christopher M. Gibbons
                                        Karen M. Boer
                                        125 Ottawa NW Suite 230
                                        Grand Rapids, MI 49503