UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                             Case No. 1:19-cv-422

GRETCHEN WHITMER, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Plaintiff's Motion for Leave to Proceed Anonymously</u>. (ECF No. 2). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted**.

A review of the allegations in Plaintiff's complaint and the attachments thereto reveals the following. In 1994, Plaintiff pleaded guilty to one count of second degree criminal sexual conduct for which he was sentenced to serve a 60-month term of probation. As of the date of his conviction, Michigan law required that Plaintiff register as a sex offender for 25 years. In 2006 and 2011, the State of Michigan amended the Michigan Sex Offender Registration Act to impose additional obligations and limitations on those offenders subject thereto. For example, these amendments required sex offenders to register as such for the rest of their life and included limitations on where offenders could live, work, or loiter.

In 2016, the Sixth Circuit held that the retroactive application of the 2006 and 2011 amendments to the Michigan Sex Offender Registration Act was unconstitutional. *Does v. Snyder*, 834 F.3d 696 (6th Cir. 2016). This decision has not been disturbed by the United States Supreme

Court or any subsequent Sixth Circuit decision. In 2019, Plaintiff applied to be removed from the sex offender registry, having completed the 25-year period of registration applicable when he was convicted. Despite the Sixth Circuit's ruling, the State of Michigan has refused to grant Plaintiff's request. Plaintiff has now initiated the present action against Gretchen Whitmer, Governor of the State of Michigan, and Colonel Joseph Gasper, Director of the Michigan State Police. Plaintiff alleges that the State of Michigan's continued enforcement of amendments to the Michigan Sex Offender Registration Act, unlawful in light of the Sixth Circuit's ruling, violates his right to be free from ex post facto punishment. Plaintiff now moves to proceed in this action under the pseudonym John Doe.

Failure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636-37 (6th Cir., Jan. 3, 2005) ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because. . .the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them"). While Defendants have not yet appeared, the Court nevertheless has an obligation to address the matter given that it affects the Court's jurisdiction.

The Federal Rules of Civil Procedure expressly require that "the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also*, *Ericksen v. United States*, 2017 WL 264499 at *1 (E.D. Mich., Jan. 20, 2017) ("[t]he public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a)"). Plaintiffs are permitted to proceed anonymously only in exceptional circumstances. *See Marsh*, 123 Fed. Appx. at 636. When considering whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as:

2

(1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor.  *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Other factors courts consider include: (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system.  *See EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations omitted).  No one factor is dispositive.  *See Doe v. University of Pittsburgh*, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Consideration of these factors weighs in favor of granting Plaintiff's motion.  Plaintiff is challenging governmental activity, specifically the alleged refusal by the State of Michigan to discontinue enforcing portions of the Michigan Sex Offender Registration Act which have been held unconstitutional.  Plaintiff asserts that during his time on the sex offender registry, "members of the public [have come] to his residence to confront him regarding his status as a sex offender."  The Court has no reason to doubt that such encounters have occurred.  Thus, Plaintiff's concern that denial of the present motion might result in he and/or his family being subjected to similar harassment in the future is not unfounded.  In this respect, the Court finds that the public interest is poorly served by, in effect, compelling a litigant to choose between securing his family's safety and enforcing his

fundamental constitutional rights. Furthermore, the Court discerns no prejudice to Defendants by granting Plaintiff's motion.[1]

### CONCLUSION

In sum, consideration of the relevant factors weighs in favor of Plaintiff's request to proceed anonymously. Accordingly, the undersigned recommends that <u>Plaintiff's Motion for Leave to Proceed Anonymously</u>, (ECF No. 2), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 1, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

---

[1] The Court has no opinion regarding, and this Report and Recommendation does not address, the propriety or necessity of any protective order or similar order governing the use or revelation of Plaintiff's name during the course of this litigation.

4